UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HARRY DAPRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2671 JMB |
| | ) | |
| SPIRE, INC. RETIREMENT PLANS COMMITTEE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Harry DaPron's ("DaPron") Motion to Compel and for Sanctions (ECF No. 40). DaPron requests the Court to order Defendant Spire, Inc. Retirement Plans Committee ("Spire") to produce a second corporate designee who can testify and respond to questions regarding the appeals process and also award the costs and attorney's fees incurred in taking a second deposition as sanctions.[1] Spire has filed a response in opposition and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court denies DaPron's motion for discovery and sanctions.

**I.     Background**

In the First Amended Complaint ("FAC"), DaPron alleges a breach of fiduciary duty claim occurring in 2016 when Spire adjudicated his claim for benefits. (ECF No. 32, FAC, ¶ 50) In particular, DaPron alleges that his employer was aware of his mental condition impairing his

---

[1] Although DaPron believes the corporate witness designated by Spire for the deposition did not meet Spire's obligation under Rule 30(b)(6), the record shows that DaPron did not raise this issue until after the completion of the witness' deposition.

1

judgment, insight and capacity to apply for benefits until 2016.  (Id. at¶ ¶ 47-48)  DaPron further alleges that Spire breached its fiduciary duty by refusing "to consider the medical evidence documenting his incapacity to apply for benefits at the time of his separation from his employment; not investigating whether the plan administrator received notice of his disability and his incapacity to apply for benefits at the time of his separation from his employment; and using an unfair and biased process designed to create evidence to support a denial of benefits." (Id. at ¶ 50(a)-(c))

On July 27, 2018, the Court issued an order granting in part and denying in part DaPron's motion for limited discovery.  (ECF No. 26)  Therefore, during a supplemental scheduling conference, counsel informed the Court that they had met and agreed on the scope of discovery, specifically that Spire would produce all of DaPron's personnel file and a corporate designee for deposition.  In response to the deposition notice, Spire produced one corporate representative, Mark Mispagel ("Mispagel"), to testify on behalf of Spire as to all matters designated in the deposition notice.[2]

After reviewing Mispagel's deposition transcript, DaPron's counsel contacted Spire's counsel to discuss a perceived deficiency in Mispagel's deposition due to Mispagel's inability to answer questions regarding what information Gery Gorla ("Gorla") reviewed during the internal appeal process.  On October 3, 2018, the parties contacted the Court indicating that they had

---

[2] The deposition notice reads as follows:

> The process utilized to deny Plaintiff's claim for disability benefits including the appeals decision, the interpretation of Plan provisions if any, the determination of questions arising under the Plan if any, the determination of Plaintiff's eligibility or ineligibility to participate in the Plan and the decision that Plaintiff was not entitled to receive Plan benefits or obtain any other relief under the Plan.

(ECF No. 41-2)  The deposition notice does not cover Spire's knowledge of DaPron's medical issues and employment history in 2010.

reached an impasse regarding whether Mispagel's deposition testimony was deficient and whether such deficiency could be resolved by Gorla's affidavit or a second Rule 30(b)(6) deposition.

On November 6, 2018, the Court held a discovery conference in an effort to informally resolve this dispute without DaPron filing a motion to compel.[3] DaPron argued that Mispagel's deposition was deficient in that he did not know the answer to several questions regarding what information was reviewed by Gorla during the internal appeal process when determining DaPron's eligibility for disability benefits. DaPron's counsel requested to depose Gorla and ask him questions regarding what information he reviewed during the internal appeal process. Spire's counsel objected to producing Gorla as another corporate designee for deposition and, in an effort to resolve this dispute expediently and without incurring additional costs, produced Gorla's affidavit wherein Gorla identifies the documents he reviewed and what documents he did not review during the internal appeal process. DaPron's counsel objected to Spire's proposed resolution of the discovery dispute and requested to depose Gorla. Being unable to resolve the dispute informally, the undersigned directed counsel to brief this discovery dispute.

## II. **Motion to Compel and for Sanctions and Responsive Briefs Thereto**

In his motion to compel and for sanctions, DaPron claims that Spire's corporate representative was not prepared to discuss "certain details of the appeals process other than it was handled by Gery Gorla," the individual designated by Spire to decide appeals of denied claims. (ECF No. 41 at 3) DaPron seeks a Court order permitting another corporate designee deposition and an award of sanctions for Spire's alleged failure to produce a knowledgeable Rule

---

[3] Although the Court indicated during the discovery conference a preliminary inclination to grant DaPron's motion to compel, upon further consideration and review of the parties' written submissions and arguments set forth therein as well as relevant case law, the Court will deny the motion.

30(b)(6) deponent. (ECF No. 40) DaPron contends that Mispagel was not able to testify on behalf of Spire as to all matters designated in the deposition notice because he did not have complete knowledge about the appeal and decision process other than indicating that the appeal process was handled by Gorla. DaPron requests to depose Gorla and ask him questions regarding what information he reviewed during the internal appeal process.

Spire objects to the second corporate deposition, asserting that "[DaPron's] personal circumstances and [Spire's] awareness of those circumstances cannot subvert the terms of the Plan or alter the proper interpretation of the Plan." (ECF No. 42 at 9)[4] See cf. Maxa v. John Alden Life Ins. Co., 972 F.2d 980, 986 (8th Cir. 1992) (noting that "fiduciaries should be able to rely upon the detailed and uniform guidance ERISA provides with regard to the disclosure requirements rather than bearing the practically impossible burden of anticipating, and comprehensively addressing, the individualized concerns of thousands of employees…"); Harp v. Kaiser Foundation Health Plan, Inc., 133 F. Supp.3d 1248, 1260 (D. Or. 2015) ("Plaintiff cites no law, and I have found none, requiring a plan administrator to consider a claimant's extenuating personal circumstances in determining whether a claim is covered by the plan. The issue is whether the plain language provides for reimbursement. Sympathy and personal hardship are not part of the analysis"). Spire contends that DaPron seeks to depose Gorla to show that in 2010 Gorla had personal knowledge of DaPron's medical issues and employment history but Gorla did not consider them when interpreting the plan in 2016. Spire argues because DaPron's personal circumstances and Spire's alleged knowledge of those circumstances do not

---

[4] During the discovery conference, Spire noted that it offered to address DaPron's concerns about the alleged deficiency of the deposition testimony by tendering Gorla's affidavit to resolve this discovery dispute.

alter the proper interpretation of the plan, Plaintiff's request for a second corporate designee deposition should be denied because such information is not relevant.

III. **Legal Standards**

Under Rule 30(b)(6), the choice of a representative of the corporate party is for the corporation, not the party that noticed the deposition. See Fed.R.Civ.P. 30(b)(6). A Rule 30(b)(6) deponent "does not give his personal opinion. Rather, he presents the corporation's position on the topic. The Rule 30(b)(6) deposition thus serves a unique function: it is a sworn corporate admission that is binding on the corporation. A named entity may not take the position that its documents, responses to interrogatories, or other written discovery already produced is sufficient." CitiMortgage, Inc. v. Chicago Bancorp, Inc., 2013 WL 3946116, at *1 (E.D. Mo. July 31, 2013) (citations omitted). Proper preparedness for a Rule 30(b)(6) deposition requires the good faith of both parties. "[T]he requesting party must reasonably particularize the subject about which it wishes to inquire." Fed.R.Civ.P. 30(b)(6). A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority. See generally Murphy v. Kmart Corp., 255 F.R.D. 497, 506 (D.S.D. 2009). In return, "the responding party must make a conscientious, good-faith effort to designate knowledgeable persons … and to prepare them to fully and unevasively answer questions about the designated subject matter." Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 540 (D.Minn. 2003) (citations and internal quotation marks omitted).

An ineffective Rule 30(b)(6) deposition may be remedied by a second deposition of the corporation. See Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 3435 (8th Cir, 2009) (a court may levy "appropriate sanction[s] for a corporation's inadequate designation" in response to a Rule 30(b)(6) notice); Wright & Miller, Federal Practice

5

and Procedure, § 2103, at 462-64 ("One remedy frequently invoked when the witness initially designated is unable to provide adequate answers is to require that another witness be designated.").

District courts are accorded wide discretion in dealing with discovery matters. Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing Cook v. Kartridge Pak Co., 840 F.2d 602, 604 (8th Cir. 1988)). Because discovery rules "'should be construed to secure the just, speedy, and inexpensive determination of every action,' … judges should not hesitate to exercise appropriate control over the discovery process." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2, (8th Cir. 1999) (quoting Herbert v. Lando, 441 U.S. 153, 177 (1979)).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonpriviliged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action … [and] the importance of the discovery in resolving the issues…." Fed.R.Civ.P. 26(b)(1). "Information within this scope need not be admissible in evidence to be discoverable." Id. Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." CitiMortgage, Inc. v. Allied Mortg. Group, Inc., 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012). The party must demonstrate that requested discovery does "not come within the broad scope of relevance defined pursuant to Rule 26(b)(1)…." Jo Ann Howard & Assocs., 303 F.R.D. at 542.

6

**IV.     Discussion**

Upon examination of Mispagel's deposition testimony, the Court finds he was prepared and responded competently to questions germane to his knowledge about the disability appeal process. Spire's preparation of Mispagel for the deposition reflects a "conscientious, good-faith effort" to prepare a knowledgeable designee. The Court will deny DaPron's motion to compel Spire to produce Gorla to testify because DaPron seeks to elicit the discovery of non-relevant information. Rule 26(b)(1). See, e.g., Quicksilver, Inc. v. Kymsta Corp., 247 F.R.D. 579, 586 (C.D. Cal. 2007) (denying motion to compel party to provide a designee for a Rule 30(b)(6) deposition regarding documents produced pursuant to a discovery request where the content of the documents was not relevant to a claim or defense in the case). Although DaPron wants to depose Mr. Gorla to ask whether he considered Plaintiff's medical issues and employment history when determining DaPron's eligibility for disability benefits, Mr. Gorla was not required to consider DaPron's extenuating circumstances when interpreting the plan. The undersigned finds that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1) as argued by Spire. See Rolscreen Co. v. Pella Products, 145 F.R.D. 92, 95 (S.D. Iowa 1992) ("One objecting to discovery on the grounds of relevancy carries the burden to sustain the objection.").

The Court declines to impose sanctions because it is denying DaPron's request for a second Rule 30(b)(6) deposition. Rule 30(d)(2) permits the Court to impose an appropriate sanction on a person who "impedes, delays, or frustrates the fair examination" of a Rule 30 deponent, and this rule is permissive in nature and may be applied at the Court's discretion. See Sec. Nat. Bank of Sioux City, IA v. Jones Day, 800 F.3d 936, 941 (8th Cir. 2015) (reviewing

7

Rule 30(d)(2) sanctions for abuse of discretion). Accordingly, the undersigned finds that such an award is not justified.

For the foregoing reasons, the Court finds Spire's objection to another corporate designee deposition to be with merit. DaPron does not seek relevant information to the extent he seeks to depose a second corporate designee with regard what information Gorla reviewed during the internal appeal process when determining DaPron's eligibility for disability benefits.[5] Thus, Spire need not produce another witness for another Rule 30(b)(6) deposition. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Harry DaPron's Motion to Compel and for Sanctions (ECF No. 40) is DENIED as set forth above.

**IT IS FURTHER ORDERED** that DaPron's opposition to Spire's Motion for Summary Judgment and any cross-motion for summary judgment shall be filed no later than twenty-one (21) days from the date of this Order. Spire shall have twenty-one (21) days to file any Reply Brief in support of its Motion for Summary Judgment and any opposition to any Motion for Summary Judgment filed by DaPron. DaPron shall have fourteen (14) days to file any Reply Brief in support of his Motion for Summary Judgment.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of January, 2019

---

[5] Although Spire may be correct in its assertion that DaPron cannot prevail on his breach of fiduciary claim, the Court is not addressing the merits of the summary judgment motion at this juncture. By its ruling, the Court is not in any way expressing any view regarding the merits of the pending summary judgment motion and will not do so until such time DaPron has had the opportunity to file opposition to the motion.